Chief Justice Bibb
delivered the Opinion of the Court.
A declaration in Ejectment on the demise of Goodman Oldham, with a notice to John Freeman as tenant in possession, and acknowledgment of service signed by him, was returned to the Knox Circuit Court.
No common order was entered, no consent rule entered into, no defendant admitted in licit of the casual ejector, no issue joined; but Freeman appeared, and the case progressed as if he was defendant, the jury was sworn to try the issue, and after *420 bills of exception by Freeman, taken on the trial, a verdict and judgment were rendered against him.
Discretion of the court in awarding a certiorari ex efficio.
Acknowledgment of the service of a declaration in ejectment must be proved.
Tenant appellant having the cause reversed here for want of notice, the proof of the service of the declaration dispensed with, but not of the common order.
Mandate.
Mayes and Triplett, for plaintiff; J. Speed Smith and Monroe, for defendant.
The bills of exception in the case, disincline this count to award a certiorari ex officio, to bring up the transcript of the record of admitting Freeman to defend, and of issue joined, if such proceedings were had and omitted in the transcript certified.
The proceedings are wholly irregular and erroneous, and must be reversed. The acknowledgment of service indorsed and signed by Freeman, is not sufficient of itself, without proof of its authenticity, to warrant proceedings as upon a declaration and notice duly served.
But as Freeman did appear, and by the evidence in his bill of exceptions, he was proved to have been in possession and has prosecuted this writ. of error, these facts may be taken as sufficient proof of service.
It is therefore considered by the court that the verdict and judgment be annulled, set aside and reversed, and the cause remanded to the circuit court of Knox for new proceedings, to commence by taking a common order and causing it to, be duly served on the tenant in possession, unless be shall appear, and apply to be admitted to defend in place of the casual ejector, without such service — and for such other and farther proceedings in the case as may he according to law and the established practice in ejectments.
And it is farther considered by the court, that the plantiff in this court recover of the said Goodman Oldham, the lessor of the plantiff, his, the said Freeman’s, costs in this behalf expended.